## CLARA FULTON v. JOHN D. BLACK.

A suit brought against an executrix in possession of property under the will of her husband, made in accordance with Art. 1219, Hart. Dig., is not maintainable until after application is made to the County Court to require those interested to give bond, &c.

In ordinary actions against estates, the petition must state a presentation and rejection of the demand.

Error from Lamar. Tried below before the Hon. W. S. Todd.

Suit on bill of exchange accepted by S. M. Fulton. Petition states that on the 1st March, 1854, the said S. M. Fulton departed this life, and that afterwards Clara Fulton, the wife of said S. M. Fulton was, by the County Court of Lamar county, qualified as executrix of said S. M. Fulton, by the terms of whose will she was not required to give, nor has she given any bond for the faithful administration of the estate; that she has taken it into possession, and may sell or dispose of the same without control or restraint on the part of the Probate Court; that said estate is solvent, and that a large amount of money and effects is now in the hands of said executrix. There was judgment rendered for the defendant in error.

*Mills & Mills*, and *Dillahunty & Wright*, for plaintiff in error. The bill of exchange sued upon was never presented to plaintiff as executrix, for approval or rejection. (See Hart. Dig., Art. 1159.) The District Court had no jurisdiction of the suit as the same is instituted, but application should have been made to the Probate Court, by the creditor, as required by the provisions of Sec. 110 of the Act regulating proceed-

ings in the matter of the estates of deceased persons. (See Hart. Dig., Art. 1219.) If she or those interested in the estate had failed to respond to the citation by executing the necessary bond, then and not till then, could suit have been instituted on the claim, and not even then until the claim had been presented and she had rejected the same, as other estates are required to be settled.

*S. H. Morgan*, for defendant in error.

ROBERTS, J. This suit is brought against the executrix in possession of property under the will of her husband, made in accordance with Art. 1219, Hart. Dig., which limits the control of the County Court over the estate. Under this article it has been held that such a suit is not maintainable until after application shall have been made to the County Court to require those interested in the estate to give a bond, &c. (Hogue, ex'r, v. Sims *et al*, 9 Tex. R. 546.)

If the suit was intended as an ordinary action against an executrix, then the petition was defective in not stating a presentation to and rejection by the executrix. (Hart. Dig., Art. 1159.)

In either point of view then, the petition was fatally defective, and the judgment rendered thereon is erroneous. The judgment is reversed and cause remanded.

Reversed and remanded.